SHERIFF DALE SCHMIDT,
In his individual capacity,
124 West St.,
Juneau, Wisconsin, 53029

            Plaintiff,                   CASE NO:    26-CV-611

v.

SUMMER SUNDAS NAQVI
10033 Frontage Road,
Unit F,
Skokie, Illinois 60088,

KEVIN MORRISON,
728 Easton Lane
Elk Grove Village, Illinois 60007,

and

JOHN DOES 1-10,

            Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Sheriff Dale Schmidt in his individual capacity, by and through his attorneys, Crivello, Nichols, & Hall, S.C., and as for a cause of action, states as follows:

### THE PARTIES

1. Plaintiff, Sheriff Dale Schmidt, is an adult resident of the State of Wisconsin, and is the elected sheriff of Dodge County, Wisconsin with a principal place of business at 124 West St., Juneau, Wisconsin, 53029.

1

2. Defendant, Summer Sundas Naqvi, is an adult resident of the State of Illinois, with an address 10033 Frontage Road, Unit F, Skokie, Illinois 60088.

3. Defendant, Kevin Morrison, is an adult resident of the State of Illinois, with an address of 728 Easton Lane, Elk Grove Village, Illinois 60007 and he is a Cook County Commissioner and previous candidate for the United States House of Representatives.

4. John Does 1-10 are individuals who reside outside of the State of Wisconsin and whose identities are presently unknown, but who participated in the publication or republication of defamatory statements, and whose true names will be substituted when discovered.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this case by virtue of the provisions of 28 U.S.C. § 1332 because Plaintiff is a citizen of Wisconsin and Defendants are citizens of Illinois, and the amount in controversy is in excess of $1,000,000.00 against each Defendant.

6. The Eastern District of Wisconsin is an appropriate venue pursuant to 28 U.S.C § 1391(b) because a substantial part of the events giving rise to the claim occurred in this district and the reputational injury to Plaintiff occurred in this district.

## FACTUAL BACKGROUND

7. On or about March 5, 2026, Defendant Naqvi alleges she arrived at O'Hare International Airport ("O'Hare") on a flight from Istanbul, Turkey.

8. Security footage at O'Hare shows Defendant Naqvi entering a secondary inspection area at 10:46 a.m. and leaving the secondary inspection area to a public area at 11:42 a.m.

9. Upon information and belief, on or about March 5, 2026, Naqvi checked into the Hampton Inn & Suites located at 9480 W. Higgons Road, Rosemont, Illinois 60018.

2

10.     Upon information and belief, on or about March 8, 2026, at approximately 1:32 p.m. Naqvi checked out of the Hampton Inn & Suites.

11.     Upon information and belief, during the late evening of March 6, 2026 and early morning hours of March 7, 2026, Defendant Naqvi arranged for transportation from an acquaintance from the Hampton Inn & Suites near O'Hare to Wisconsin.

12.     On or around March 7, 2026, at approximately 5:38 a.m., Naqvi was seen at a gas station in the Slinger, Wisconsin area.

13.     Upon information and belief, Naqvi was dropped off at a Holiday Inn Hotel in Beaver Dam, Wisconsin at approximately 6:33 a.m on March 7, 2026.

14.     Despite the real facts described above, Naqvi publicly claimed that upon her arrival at O'Hare on March 5, 2026, she was taken into custody and detained at O'Hare.

15.     Despite the real facts described above, Naqvi publicly claimed that after being detained for 30 hours at O'Hare she was transported from O'Hare to an Immigration and Customs Enforcement (ICE) facility in Broadview, Illinois.

16.     Despite the real facts described above, Naqvi publicly claimed that she was transported across state lines to Wisconsin where she claimed to have been held at the Dodge County Jail.

17.     Dodge County Jail is a detention facility for Immigration and Customs Enforcement.

3

18. Naqvi claims Dodge County Sheriff's Office subsequently released her from the facility on March 7, 2026.

19. On or about, March 8, 2026, Cook County Commissioner Kevin Morrison, then a candidate for the United States Congress, stated during a press conference that Naqvi and five other individuals were transported from Illinois to Wisconsin by immigration agents.

20. During this press conference Commissioner Morrison made allegations of an illegal detention of a U.S. citizen by government officials, including Sheriff Schmidt.

21. Commissioner Morrison made allegations of a "cover up" by the Dodge County Sheriff's Office.

22. For example, on March 9, 2026, upon information and belief at the direction of Naqvi, Commissioner Morrison made the following statements to WISN 12 News directed at Sheriff Schmidt: "[t]hey have been lying from the very start of this. I don't think they want to own up to the fact that, once again, they have illegally detained American citizen without due process."

23. On March 9, 2026, Commissioner Morrison further publicly reported that after Naqvi was allegedly released from the Dodge County Jail, Naqvi "walked to a nearby gas station and hitchhiked to a Holiday Inn, several miles away from the detention facility for refuge before her sister was able to get to her."

4

24.     Many of the statements made by Commissioner Morrison were also disseminated through Commissioner Morrison's social media channels, which were widely shared:



25.     Upon information and belief, the allegations made by Commissioner Morrison were designed to generate outrage and media attention in order to harm the reputation of Sheriff Dale Schmidt.

26.     As a result of Defendants' actions, the false allegations made quickly became the subject of widespread news coverage.

27. News reports detailing the allegations were published and disseminated throughout Wisconsin and Illinois media outlets, as well as nationally distributed news media.

28. For example, on or about March 9. 2026, the allegations were reported by Fox News 11, a news organization with nationwide accessible online platforms. (https://fox11online.com/news/local/sheriff-addresses-claims-about-us-citizens-immigration-detainment-at-dodge-county-jail-sundas-sunny-naqvi-skokie-illinois-chicago-sun-times-green-cards-chicago-ohare-international-airport-dale-schmidt-booked-sun-times).

29. On or about March 10, 2026, the allegations were reported by WISN 12 News, a news organization within the Dodge County media market and also nationwide accessible online platforms.(https://www.wisn.com/article/officials-dispute-illinois-womans-held-30-hours-airport-wisconsin-jail/70688683).

30. On or about March 11, 2026, the allegations were reported by CBS Chicago, a news organization with nationwide accessible online platforms. (https://www.cbsnews.com/chicago/news/dhs-sheriffs-departments-deny-skokie-womans-claims-held-at-ohare/).

31. On or about March 12, 2026, the allegations were reported by WSAW-TV, a Wisconsin media outlet with nationwide accessible online platforms. (https://www.wsaw.com/2026/03/13/dhs-dodge-county-sheriff-employer-refute-claims-us-citizen-detained-ohare/).

32. In addition to the widespread news coverage, Naqvi's and Commissioner Morrison's allegations have similarly been published and disseminated through various social media platforms such as Instagram, Facebook and X.

6

33. Naqvi was never booked or detained at the Dodge County Jail.

34. Dodge County Jail logs show no female inmates or detainees from the federal government were admitted or released during the timeframe in which these events were alleged to have occurred.

35. The statements made by Defendants were demonstrably false statements of fact, not opinions, and are capable of being proven false.

36. The statements made by Defendants caused reputational harm and damages to Sheriff Dale Schmidt, particularly as he prepares for a re-election campaign in 2026.

### FIRST CAUSE OF ACTION:
### DEFAMATION AGAINST SUMMER SUNDAS NAQVI

37. Sheriff Schmidt incorporates by reference all previously alleged paragraphs as if fully set forth herein.

38. The statements made by Defendant Naqvi, regarding her alleged detention at Dodge County Jail were and are false.

39. The statements made by Defendant Naqvi regarding her alleged detention at Dodge County Jail were communicated by speech, conduct, or in writing to third parties and constitute a publication.

40. Defendant Naqvi's defamatory statements were unprivileged and irreparably harmed Sheriff Schmidt's reputation as to lower him in the estimation of the Dodge County community.

41. Defendant Naqvi's defamatory statements tend to deter third persons from associating or dealing with Sheriff Schmidt and have harmed his reputation as he seeks reelection to public office.

7

42. As a result of Defendant Naqvi's defamatory statements, Sheriff Schmidt was damaged.

## SECOND CAUSE OF ACTION:
## DEFAMATION AGAINST KEVIN MORRISON

43. Sheriff Schmidt incorporates by reference all previously alleged paragraphs as if fully set forth herein.

44. The statements made by Defendant Morrison, regarding Defendant Naqvi's alleged detention at Dodge County Jail were and are false.

45. The statements made by Defendant Morrison regarding Defendant Naqvi's alleged detention at Dodge County Jail were communicated by speech, conduct, or in writing to third parties and constitute a publication.

46. Defendant Morrison's defamatory statements were unprivileged and irreparably harmed Sheriff Schmidt's reputation as to lower him in the estimation of the Dodge County community.

47. Defendant Morrison's defamatory statements tend to deter third persons from associating or dealing with Sheriff Schmidt and have harmed his reputation as he seeks reelection to public office.

48. As a result of Defendant Morrison's defamatory statements, Sheriff Schmidt was damaged.

8

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

(a)     Actual and compensatory damages in excess of $1,000,000.00 against each Defendant, but in an amount to be determined at trial for Defendant's defamatory statements;

(b) Punitive damages;

(c) Injunctive relief;

(d) Attorneys fees, litigation expenses, and costs of suit; and

(e) Such other or further relief as the Court deems just and equitable.

### PLAINTIFF REQUESTS A JURY TRIAL

Dated this 10th day of April, 2026.

<div style="margin-left:50%">

CRIVELLO, NICHOLS & HALL S.C.
Attorneys for Plaintiff, Sheriff Dale Schmidt
in his individual capacity

By: */s/ Samuel C. Hall, Jr.*
SAMUEL C. HALL, JR.
State Bar No.: 1045476
MAIA I. HENTGES
State Bar No.: 1138038
710 North Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Phone: 414 271-7722
Fax:    414 271-4438
E-mail:shall@crivellolaw.com
        mhentges@crivellolaw.com

</div>

9