UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHERIFF DALE SCHMIDT,
In his individual capacity,

                 Plaintiff,                CASE NO: 26-CV-611

v.

SUMMER SUNDAS NAQVI
KEVIN MORRISON, and
JOHN DOES 1-10,

                 Defendants.

---

**DECLARATION OF SAMUEL C. HALL, JR.
IN SUPPORT OF EX PARTE & EXPEDITED MOTION FOR LEAVE
TO SERVE LIMITED THIRD-PARTY DISCOVERY**

---

STATE OF WISCONSIN     )
                           ) ss.
MILWUAKEE COUNTY     )

I, SAMUEL C. HALL, JR., being first duly sworn upon oath, depose and state as follows:

1. I am a licensed attorney in good standing in the state of Wisconsin and in the Eastern District of Wisconsin.

2. I am one of the attorneys representing Plaintiff Sheriff Dale Schmidt in the above-captioned lawsuit, and I make this declaration based on personal knowledge.

3. Plaintiff commenced this lawsuit on April 10, 2026, naming Summer Sundas Naqvi and Kevin Morrison as Defendants.

4. Plaintiff is proceeding with service of process; however, it is anticipated that at least one Plaintiff may be difficult to serve based on her history of foreign travel and service by publication may ultimately be required. The service and/or publication process, along with the

response period will delay active litigation in this action for several weeks, delaying the commencement of discovery.

5. As part of the prosecution of this action, the Plaintiff intends to issue third-party subpoenas to two hotels in order to obtain surveillance video footage from common areas of the hotel, which the Plaintiff believes will further establish that the Defendants statements were false and defamatory. Further the Plaintiff also intends to issue a third-party subpoena to T-Mobile® in order to obtain cell phone telephone records associated with Naqvi's cell phone since other records establish that she was using her cell phone during time periods that she claimed to have illegally detained by Sheriff Schmidt. It is also possible that these cell phone record may assist in identifying John Doe defendants.

6. Based upon my experience and initial information provided by the custodians of these records, the records sought by Plaintiff are retained only for limited periods of time and may be deleted in the ordinary court of business. A delay in the commencement of this limited discovery risks permanent loss of evidence critical to the claims in this lawsuit.

7. Plaintiff cannot obtain this information through other means sine the custodians of these records have advised that they will only produce responsive records upon receipt of a subpoena.

8. Any records obtained through this limited third-party discovery will be provided to the Defendants as soon as records are received.

Pursuant to 28 U.S.C. 1746, I declare, swear, and affirm under penalty of perjury that the foregoing statements are true and correct as reflected by my electronic signature.

Dated this 10th day of April, 2026.

By: /s/ *Samuel C. Hall, Jr.*  
SAMUEL C. HALL, JR.

2