DALE SCHMIDT,

               Plaintiff,

                                   Case No. 26-cv-0611-hl

     v.

SUMMER SUNDAS NAQVI, KEVIN MORRISON
And JOHN DOES 1-10,

               Defendants.

## ORDER GRANTING LEAVE TO SERVE THIRD-PARTY SUBPOENA

Plaintiff Dale Schmidt is an adult resident of Wisconsin and the elected sheriff of Dodge County, Wisconsin. (ECF No. 1 ¶1.) Defendant Summer Sundas Naqvi is a resident of Illinois, and Defendant Kevin Morrison is a resident of Illinois and a prior candidate for the United States House of Representatives. (*Id.* ¶¶2–3.) Schmidt is suing Naqvi, Morrison, and unidentified Doe Defendants for falsely claiming that Naqvi was illegally detained at Dodge County Jail from March 5, 2026 through March 7, 2026. (*Id.* ¶¶4, 7–23.) Schmidt maintains that Naqvi was never booked or detained at Dodge County Jail. (*Id.* ¶¶33–34.) He alleges that, in actuality, Naqvi arrived at O'Hare International Airport on March 5, 2026, checked into a Hampton Inn & Suites located in Rosemont, Illinois, and, in the early morning hours of March 7, 2026, was dropped off at a Holiday Inn Hotel in Beaver Dam, Wisconsin. (*Id.* ¶¶8–9, 11, 13.)

Schmidt seeks leave from the Court to conduct limited, expedited discovery to subpoena T-Mobile, Naqvi's cellphone provider, to produce text messages, call details, and records. (ECF No. 3 at 2.) He also seeks to subpoena the relevant hotels for exterior and lobby video surveillance, limited in date and times. (*Id.*) For the reasons discussed below, Schmidt's motion will be granted.

# ANALYSIS

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). "Although different standards exist for the evaluation of expedited discovery requests, district courts within this Circuit generally evaluate 'the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Dallas Buyers Club, LLC v. Does 1-26*, No. 14-C-360, 2014 WL 1612251, at *1 (E.D. Wis. Apr. 22, 2014) (quoting *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011)). "This amounts to a requirement that the movant show good cause for the request." *Id.* Factors pertinent to this analysis in cases involving internet service providers include:

> (1) The concreteness of the plaintiff's showing of a prima facie claim of actionable harm, … (2) the specificity of the discovery request, … (3) the absence of alternative means to obtain the subpoenaed information, … (4) the need for the subpoenaed information to advance the claim, … and (5) the objecting party's expectation of privacy.

*Malibu Media, LLC v. Doe*, No. 18 C 5792, 2019 WL 7876473, at *2 (N.D. Ill. Jan. 2, 2019) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010)).

Schmidt has shown sufficient good cause to support his request. As to the first factor, a prima facie claim of defamation in Wisconsin requires plausible allegations that the defendants made a false statement, communicated by speech; communicated to a third party; and the communication is unprivileged and tends to harm one's reputation. *In re Storms v. Action Wis., Inc.*, 750 N.W.2d 739, 748 (Wis. 2008). Schmidt alleges that Naqvi and Morrison falsely publicized that Naqvi was illegally detained at Dodge County Jail, which could harm Schmidt's reputation. Accordingly, he has made a prima facie claim of actionable harm.

Next, Schmidt seeks concrete, narrow information: Naqvi's cellphone records and the exterior and lobby surveillance footage from the pertinent Hampton Inn and Holiday Inn, limited to relevant dates and times. (ECF No. 3 at 2.) The Court also notes that while there are alternative means to obtain the subpoenaed information, these methods are outweighed by the risk of the records overwritten and/or purged in the ordinary course of business, thus satisfying the third and fourth elements. (*Id.* at 2–3.)

The Court also finds that the subpoenaed information will advance Schmidt's claim. To begin with, video surveillance could prove his allegations about Naqvi's actual whereabout during

the time she claimed to be detained at Dodge County Jail.  Moreover, Naqvi's cellphone records may help Schmidt identify the unknown Doe Defendants.  Doe Defendants must be identified and served within ninety days of the commencement of the action against them, *see Batch Labs, LLC v. Doe*, No. 25-cv-145-pp, 2025 WL 1070675, at \*3 (E.D. Wis. Mar. 21, 2025), and, accordingly, this information is necessary to proceed with the claims against Doe Defendants.

Although Schmidt does not argue the final element, the Court is satisfied that Schmidt's interest in protecting himself from defamation outweighs the defendants' privacy interest.  The statements made "caused reputational harm and damages" to Schmidt, "particularly as he prepared for a re-election campaign."  (ECF No. 1 ¶36.)  The defendants' interest is minimal; by publicizing statements about Schmidt and the alleged detention, they do not have a reasonable expectation of privacy in information that could disprove their statements.

Given all of the above, Schmidt has demonstrated good cause to conduct limited, expedited discovery for the purpose of preserving evidence.

Accordingly,

**IT IS HEREBY ORDERED** that Schmidt's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, ECF No. 3, is **GRANTED**.

Dated at Milwaukee, Wisconsin on April 13, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge