DALE SCHMIDT,     )
    )
    Plaintiff,     )
    )
    v.     )     Case No. 2:26-cv-0611-BHL
    )
SUMMER SUNDAS NAQVI, KEVIN     )
MORRISON, and JOHN DOES 1-10,     )
    )
    Defendants.     )

---

## DEFENDANT NAQVI'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

---

COMES NOW Defendant Sundas Naqvi, by and through counsel, and in support of her motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), showing the Court as follows:

## INTRODUCTION

Sheriff Schmidt's Complaint should be dismissed because it does not plead facts making a defamation claim against Naqvi plausible. It relies on generalized accusations, "information and belief" allegations, and media republication allegations, but it does not identify with any factual specificity what Naqvi herself said, when she said it, to whom she said it, where she said it, or how any statement by Naqvi was "of and concerning" Sheriff Schmidt personally. The statements alleged in the Complaint and attributed to Naqvi on "information and belief" are alleged statements about a Wisconsin county sheriff's department and ICE, each of which qualify as matters of public concern, not personal statements about Sheriff Schmidt.

The Complaint also pleads no facts supporting actual malice, even though Sheriff Schmidt is an elected sheriff suing over speech about alleged official detention activity, speech at the core of public concern. Finally, the damages allegations are conclusory and do not plausibly connect any alleged statement by Naqvi to a concrete reputational injury suffered by Sheriff Schmidt.

STATEMENT OF FACTS

Plaintiff Sheriff Dale Schmidt is the elected sheriff of Dodge County, Wisconsin and brings this case in his individual capacity. The Complaint names Summer Sundas Naqvi, Kevin Morrison, and John Does 1-10 as defendants. It invokes diversity jurisdiction and alleges that the amount in controversy exceeds $1,000,000 against each defendant.

Sheriff Schmidt alleges that Naqvi arrived at O'Hare International Airport from Istanbul, Turkey on or about March 5, 2026. It then alleges that security footage shows Naqvi entering a secondary inspection area at 10:46 a.m. and leaving that area for a public area at 11:42 a.m. Schmidt further alleges, largely "upon information and belief," that Naqvi checked into and out of a Rosemont, Illinois hotel, arranged transportation from Illinois to Wisconsin, was seen at a gas station in Slinger, Wisconsin, and was dropped off at a Holiday Inn in Beaver Dam, Wisconsin.

Schmidt's theory is that these facts disprove public statements that Naqvi was detained at O'Hare, transported to an ICE facility in Broadview, Illinois, transported to Wisconsin, and held at the Dodge County Jail. But as to Naqvi, the Complaint identifies only broad categories of alleged statements. It alleges that Naqvi "publicly claimed" she was detained at O'Hare, transported to Broadview, transported to Wisconsin, and held at

2

the Dodge County Jail. None of those statements are about Sheriff Schmidt personally, as he has alleged in this matter.

The Complaint becomes more specific only when discussing statements attributed to Commissioner Kevin Morrison. It alleges that Morrison made press-conference statements on or about March 8, 2026; made statements to WISN 12 News on March 9, 2026; and disseminated statements through social media. It then alleges, "upon information and belief," that Morrison made at least one statement "at the direction of Naqvi." But the Complaint pleads no nonconclusory facts supporting that assertion.

Count I asserts defamation against Naqvi. It alleges in conclusory terms that Naqvi's statements regarding alleged detention at the Dodge County Jail were false, were communicated to third parties, were unprivileged, harmed Sheriff Schmidt's reputation, deterred third persons from associating with him, and damaged him as he seeks reelection. The Complaint does not plead facts identifying any statement about Schmidt personally, any third party who received a statement from Naqvi about Schmidt personally, any person whose opinion of Sheriff Schmidt changed because of Naqvi, any lost opportunity, any lost vote, any economic loss, or any concrete injury traceable to Naqvi.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When deciding a motion to dismiss, the

Court accepts all well-pleaded facts as true and construes all inferences in favor of the plaintiff. *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

Wisconsin defamation law requires a plaintiff to plead and prove a false statement communicated by speech, conduct, or writing to a person other than the plaintiff, where the communication is unprivileged and tends to harm the plaintiff's reputation so as to lower the plaintiff in the estimation of the community or deter third persons from associating or dealing with the plaintiff. *Boyd v. City of Kenosha*, 2025 U.S. Dist. LEXIS 170042 (Sept. 2, 2025), *Torgerson v. Journal/Sentinel, Inc.*, 563 N.W.2d 472, 210 Wis. 2d 524 (Wis. 1997); *Donohoo v. Action Wisconsin, Inc.*, 2008 WI 56, 750 N.W.2d 739.

## ARGUMENT

I.  **The Sheriff's Complaint Does Not Identify Any Actionable Statement By Naqvi With Sufficient Specificity.**

Count I ("First Cause of Action") should be dismissed because the Complaint does not identify any allegedly defamatory statement by Naqvi about Schmidt with enough specificity to make the claim plausible. The Complaint alleges only that Naqvi "publicly claimed" several propositions: that she was detained at O'Hare, transported to Broadview, transported to Wisconsin, and held at Dodge County Jail. It does not state the words Naqvi allegedly used; whether the alleged statement was oral, written, posted, messaged, or relayed indirectly; the date and time of any statement by Naqvi; the audience or recipient; the platform, publication, or media outlet through which Naqvi herself allegedly published the statement; whether the statement named Sheriff Schmidt; whether the statement identified him personally, as opposed to referring generally to a facility, agency, or unidentified government officials; or which portion of any statement is alleged to be false and defamatory as to Sheriff Schmidt individually.

Those omissions matter. Defamation liability turns on the specific statement, its context, its speaker, its audience, and whether it is "of and concerning" the plaintiff. Without those facts, Naqvi cannot know what statement she must defend, and the Court cannot determine whether the alleged statement is actionable fact, protected opinion, substantially true or false, privileged, non-defamatory, or insufficiently connected to Sheriff Schmidt.

The Complaint's more specific allegations are directed at Morrison, not Naqvi. It quotes Morrison's alleged WISN 12 News statement, describes Morrison's press conference, and alleges Morrison's social-media dissemination. But Count I is against Naqvi. A plaintiff must plead facts showing that Naqvi herself made or published an actionable statement. The Complaint's generalized assertion that Morrison spoke "at the direction of Naqvi" is pleaded only upon information and belief and is unsupported by facts showing agency, authorization, control, request, ratification, or participation. Under Twombly and Iqbal, that conclusory assertion does not plausibly transform Morrison's statements into Naqvi's statements.

II.    The Complaint Does Not Plausibly Allege That Any Statement By Naqvi Was "Of And Concerning" Sheriff Schmit Personally.

The alleged statements described in the Complaint concern Naqvi's claimed detention, immigration transport, and alleged holding at the Dodge County Jail. The Complaint does not allege that Naqvi named Sheriff Schmidt, identified him personally, referred to him by title, or accused him of personally ordering, participating in, concealing, or approving any detention.

That gap is fatal as pleaded. A defamation plaintiff suing in an individual capacity must allege facts showing that the challenged statement was understood to refer to him.

5

The Complaint alleges statements about O'Hare, ICE, immigration agents, a jail, and the Dodge County Sheriff's Office. It does not plead facts showing that any recipient understood Naqvi to be accusing Sheriff Schmidt personally, as distinct from making a complaint about government conduct, a detention facility, or unidentified officials.

The Complaint itself underscores the ambiguity. It alleges Morrison accused "government officials, including Sheriff Schmidt," and made allegations of a "cover up" by the Dodge County Sheriff's Office. But it does not attribute those formulations to Naqvi. As to Naqvi, the Complaint alleges only claims about her own alleged detention. That is not enough to plead a personal defamation claim by Sheriff Schmidt.

III.     The Complaint Pleads No Facts Supporting Actual Malice.

Sheriff Schmidt is an elected county sheriff. The alleged statements concern whether a U.S. citizen was detained by immigration authorities or at a county jail used as an ICE detention facility. That is speech about official conduct and a matter of public concern. The First Amendment therefore requires actual malice. Sheriff Schmidt is an elected sheriff and the alleged statements concern claimed immigration detention activity by government officials and the Dodge County Jail, the speech concerns official conduct and a matter of public concern, not about Schmidt personally. A public official may not recover for defamation relating to official conduct without plausibly alleging and ultimately proving actual malice—that is, that the defendant published the challenged statement with knowledge of falsity or reckless disregard for whether it was false. *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964).

Moreover, because Schmidt is a public figure he must plead and prove actual malice on the part of Naqvi, which he has failed to do. *Fredin v. Klasfeld*, 2026 U.S. App. LEXIS

18765, *citing Wagner v. Allen Media Broad.*, 210 Wis. 2d 666, 2 N.W.3d 758 (2024). "To prove defamation of a public figure, the plaintiff must demonstrate actual malice to prevail. This requirement is rooted in the First and Fourteenth Amendments of the U.S. Constitution." *Next Techs, Inc. v. Beyond the Office Door LLC*, 2020 U.S. Dist. LEXIS 102413 *23, *citing Torgerson v. Journal/Sentinel, Inc.*, 210 Wis. 2d 524, 536, 563 N.W.2d 472 (1997).

The Complaint does not plead facts making actual malice plausible. It alleges that Naqvi's claims were false because Dodge County Jail logs show no federal female detainees admitted or released during the relevant timeframe and because other travel-related facts allegedly contradict her account. But falsity is not actual malice. The Complaint does not do so. At most, the Complaint pleads that Plaintiff disputes Naqvi's alleged account and has contrary evidence. That is not actual malice under *New York Times Co. v. Sullivan*.

The Complaint's allegation that Morrison's statements were "designed to generate outrage and media attention in order to harm" Sheriff Schmidt does not cure the pleading defect as to Naqvi. That allegation is directed to Morrison, is pleaded upon information and belief, and alleges motive rather than knowledge of falsity or reckless disregard. It does not plausibly plead actual malice by Naqvi.

IV. The Complaint Relies On "Information and Belief" For Key Causation And Publication Allegations Without Supporting Facts.

A complaint may use information-and-belief pleading where facts are peculiarly within the opposing party's knowledge, but it must still include factual content supporting a plausible inference. Here, the Complaint repeatedly uses "upon information and belief" for key allegations tying Naqvi to the alleged publication chain.

7

Most importantly, it alleges "upon information and belief" that Morrison's WISN 12 News statement was made "at the direction of Naqvi." But it pleads no facts showing what direction was given, when, how, to whom, by what communication, or with what content. It does not allege that Naqvi drafted Morrison's statement, approved it, asked him to say it, knew what he would say, or ratified the specific words after publication. This is not a factual allegation; it is a conclusion.

The same defect affects the Complaint's republication theory. The Complaint alleges widespread news coverage and social-media dissemination, but it does not plead facts showing that Naqvi caused each republication, authorized it, intended it, or that any republication was the natural and probable consequence of a specific actionable statement by Naqvi. Schmidt cannot plead around the absence of a specific defamatory statement by invoking generalized media coverage.

V. The Complaint Does Not Plausibly Plead Causation Or Damages Traceable To Naqvi.

The Complaint's damages allegations are conclusory. It alleges that Defendants' statements caused reputational harm, lowered Sheriff Schmidt in the estimation of the Dodge County community, deterred third persons from associating with him, and harmed him as he seeks reelection. However, it does not plead facts showing any voter, constituent, official, colleague, donor, or member of the public who changed views because of Naqvi; any lost election-related opportunity, lost endorsement, lost donation, lost campaign event, or lost professional opportunity; any specific reputational harm distinct from generalized public controversy; any damages caused by Naqvi rather than by Morrison, media outlets, public debate, or Plaintiff's own public response; or any basis for claiming more than $1,000,000 in actual and compensatory damages against Naqvi.

8

The Complaint's prayer for damages "in excess of $1,000,000.00 against each Defendant" does not supply the missing facts. Under Rule 8, a plaintiff must plead factual content that makes entitlement to relief plausible. A bare damages demand cannot substitute for facts connecting Naqvi's alleged publication to a concrete reputational injury suffered by Sheriff Schmidt.

VI.     Schmidt's Request For Injunctive Relief Should Be Dismissed Or Stricken.

The Complaint seeks injunctive relief in addition to damages. That request is improper on the pleadings because the Complaint does not identify the specific speech to be enjoined, does not allege facts showing any imminent future publication by Naqvi, and does not plead a basis for prior-restraint-style relief consistent with the First Amendment. At minimum, the request for injunctive relief should be dismissed or stricken because it is unsupported by factual allegations and is not tethered to a plausible underlying claim against Naqvi.

CONCLUSION

Plaintiff has failed to plead a plausible defamation claim against Defendant Naqvi. It fails to identify any actionable statement by Naqvi with specificity, fails to allege that any statement by Naqvi was of and concerning Sheriff Schmidt personally, fails to plead actual malice, and fails to connect any alleged statement by Naqvi to concrete damages.

WHEREFORE, Defendant Sundas Naqvi respectfully requests that the Court grant this motion and dismiss Count I (First Cause of Action) of Plaintiff's Complaint pursuant to Rule 12(b)(6).

Dated: July 6, 2026.

Respectfully submitted,

/s/ Erin K. Russell
Erin K. Russell
WIED Bar No. 6287255
Attorney for Defendant Sundas Naqvi
THE RUSSELL FIRM LLC
10 S. Riverside Plaza, Suite 875
Chicago, Illinois 60606
T: 312-994-2424
erin@russellfirmip.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 6, 2026, she filed this document via

the Court's CM/ECF system, thereby serving all parties of record.


/s/ Erin K. Russell