IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| SHERIFF DALE SCHMIDT,<br><br>Plaintiff,<br><br>v.<br><br>SUMMER SUNDAS NAQVI, KEVIN MORRISON, SARAH AFZAL, and JOHN DOES 1-10,<br><br>Defendants. | ) | Case No. 2:26-cv-0611-BHL |

DEFENDANT NAQVI'S MOTION TO DISMISS COUNTS 1 AND IV OF PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

COMES NOW Defendant Sundas Naqvi, by and through counsel, and in support of her motion to dismiss the First and Fourth Causes of Action of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), showing the Court as follows:

## INTRODUCTION

Sheriff Schmidt's Amended Complaint should be dismissed because it does not plead facts making a defamation claim against Naqvi plausible. It relies on generalized accusations, "information and belief" allegations, and media republication allegations, but it does not identify with any factual specificity what Naqvi herself said, when she said it, to whom she said it, where she said it, or how any statement by Naqvi was "of and concerning" Sheriff Schmidt personally. Moreover, Sheriff Schmidt has now added allegations based on telephone records that reveal nothing about the nature or extent of any

of the communications as he suggests. The statements alleged in the Amended Complaint and attributed to Naqvi on "information and belief" are alleged statements about a Wisconsin county sheriff's department and ICE, each of which qualify as matters of public concern, not personal statements about Sheriff Schmidt.

The Amended Complaint also pleads no facts supporting actual malice, even though Sheriff Schmidt is an elected sheriff suing over speech about alleged official detention activity, speech at the core of public concern. He is suing as "Sheriff Dale Schmidt", not Dale Schmidt. He has conducted press conferences regarding this matter while wearing his uniform and badge. Sheriff Schmidt has failed to sufficiently plead conspiracy, as he has failed to allege any knowledge by Naqvi or statements by Naqvi supporting conspiracy. Finally, the damages allegations are conclusory and do not plausibly connect any alleged statement by Naqvi to a concrete reputational injury suffered by Sheriff Schmidt.

## STATEMENT OF FACTS

Plaintiff Sheriff Dale Schmidt is the elected sheriff of Dodge County, Wisconsin and brings this case in his individual capacity. The Amended Complaint names Summer Sundas Naqvi, Sarah Afzal, Kevin Morrison, and John Does 1-10 as defendants. It invokes diversity jurisdiction and alleges that the amount in controversy exceeds $1,000,000 against each defendant.

Sheriff Schmidt alleges that Naqvi arrived at O'Hare International Airport from Istanbul, Turkey on or about March 5, 2026. He alleges that security footage shows Naqvi entering a secondary inspection area at 10:46 a.m. and leaving that area for a public area at 11:42 a.m. Schmidt further alleges, largely "upon information and belief," that Naqvi

checked into and out of a Rosemont, Illinois hotel, arranged transportation from Illinois to Wisconsin, was seen at a gas station in Slinger, Wisconsin, and was dropped off at a Holiday Inn in Beaver Dam, Wisconsin. (Dkt. #14, ¶8-14)

Sheriff Schmidt makes further allegations regarding Naqvi claiming to have been held at the Dodge County Jail and released. (Dkt. #14, ¶15, 21-23).

Schmidt's theory is that these facts disprove public statements that Naqvi was detained at O'Hare, transported to an ICE facility in Broadview, Illinois, transported to Wisconsin, and held at the Dodge County Jail. But as to Naqvi, the Amended Complaint identifies only broad categories of alleged statements. It alleges that Naqvi "publicly claimed" she was detained at O'Hare, transported to Broadview, transported to Wisconsin, and held at the Dodge County Jail. None of those statements are about Sheriff Schmidt personally, as he has alleged in this matter. Sheriff Schmidt has again failed to plead a single statement made about him by Naqvi.

The Amended Complaint becomes more specific only when discussing statements attributed to Commissioner Kevin Morrison. But the Amended Complaint pleads no nonconclusory facts supporting Sheriff Schmidt's assertion that Naqvi made any defamatory statements about him. Sheriff Schmidt has certainly failed to plead a single fact supporting the suggestion that Naqvi acted with actual malice, as required because of Sheriff Schmidt's status as a public figure.

None of the statements contained in "The Defamatory Statements" section of Sheriff Schmidt's Amended Complaint can plausibly be interpreted to have been about him personally, as alleged in this matter. (Dkt. #14, ¶49-59). He has failed entirely to plead a single fact supporting his claim that Naqvi acted with malice, as he must do in light of his

status as a public figure. Sheriff Schmidt confirms his status as a public figure not only by bringing this case as "Sheriff Dale Schmidt" but also by claiming reputational damages to "Sheriff Dale Schmidt" "particularly as he prepares for a re-election campaign in 2026." (Dkt. #14, ¶59).

Count I asserts defamation against Naqvi. It alleges in conclusory terms that Naqvi's statements regarding alleged detention at the Dodge County Jail were false, were communicated to third parties, were unprivileged, harmed Sheriff Schmidt's reputation, deterred third persons from associating with him, and damaged him as he seeks reelection. The Amended Complaint does not plead facts identifying any statement about Schmidt personally, any third party who received a statement from Naqvi about Schmidt personally, any person whose opinion of Sheriff Schmidt changed because of Naqvi, any lost opportunity, any lost vote, any economic loss, or any concrete injury traceable to Naqvi. He has failed to allege a single fact suggesting that Naqvi acted with malice toward him, as he must do as a public figure.

LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When deciding a motion to dismiss, the Court accepts all well-pleaded facts as true and construes all inferences in favor of the plaintiff. *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

Wisconsin defamation law requires a plaintiff to plead and prove a false statement communicated by speech, conduct, or writing to a person other than the plaintiff, where the communication is unprivileged and tends to harm the plaintiff's reputation so as to lower the plaintiff in the estimation of the community or deter third persons from associating or dealing with the plaintiff. *Boyd v. City of Kenosha*, 2025 U.S. Dist. LEXIS 170042 (Sept. 2, 2025), *Torgerson v. Journal/Sentinel, Inc.*, 563 N.W.2d 472, 210 Wis. 2d 524 (Wis. 1997); *Donohoo v. Action Wisconsin, Inc.*, 2008 WI 56, 750 N.W.2d 739.

## ARGUMENT

### I. The Sheriff's Amended Complaint Does Not Identify Any Actionable Statement By Naqvi With Sufficient Specificity.

Sheriff Schmidt's conclusory allegations are insufficient to state a claim for defamation. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Westbrook v. Ulrich*, 2014 U.S. Dist. LEXIS 26592, *21-22 (W.D.Wis. 2014), *citing Bell Atl Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). It is not enough " for plaintiff to identify general false statements allegedly made in the course of the dispute. To plead a claim of defamation, plaintiff must allege false statements the defendants made about *plaintiff*." *Westbrook*, citing *Schoenfeld v. Journal Co.*, 204 Wis. 132, 136, 235 N.W. 442, 444 (1931) ("It is well settled that defamatory words must refer to some ascertained or ascertainable person and that that person must be the particular plaintiff.")

Count I ("First Cause of Action") should be dismissed because the Amended Complaint does not identify any allegedly defamatory statement by Naqvi about Schmidt with sufficient specificity under *Twombley*, *Westbrook*, *or Schoenfeld*. The Amended

Complaint alleges only that Naqvi "publicly claimed" several propositions: that she was detained at O'Hare, transported to Broadview, transported to Wisconsin, and held at Dodge County Jail. It does not allege any statement specifically about Sheriff Schmidt. Sheriff Schmidt appears to admit as much by pleading that if Naqvi did make any statement about the sheriff's department that was the equivalent of making a statement about Sheriff Schmidt individually.

This is yet another pleading problem for Sheriff Schmidt because it appears he is attempting to plead around the actual malice requirement for public figures by claiming to be pursing his claims "individually", but at every turn, even in his publicity appearances about this case, he identifies himself as Sheriff Schmidt. His claims involve alleged damage to his reputation relating to his re-election campaign. .

Those omissions matter. Defamation liability turns on the specific statement, its context, its speaker, its audience, and whether it is "of and concerning" the plaintiff. Without those facts, Naqvi cannot know what statement she must defend, as required by Twombley, and the Court cannot determine whether the alleged statement is actionable fact, protected opinion, substantially true or false, privileged, non-defamatory, or insufficiently connected to Sheriff Schmidt.

The Amended Complaint's more specific allegations are directed at Morrison, not Naqvi. It quotes Morrison's alleged WISN 12 News statement, describes Morrison's press conference, and alleges Morrison's social-media dissemination. But Count I is against Naqvi. A plaintiff must plead facts showing that Naqvi herself made or published an actionable statement. The Amended Complaint's generalized assertion that Morrison spoke "at the direction of Naqvi" is pleaded only upon information and belief and is unsupported

by facts showing agency, authorization, control, request, ratification, or participation. Under *Twombly*, that conclusory assertion does not plausibly transform Morrison's statements into Naqvi's statements.

Count Four (the "fourth cause of action"), the conspiracy count, suffers from the same pleading defects as Count One. Sheriff Schmidt has failed to plead a single fact suggesting that Naqvi participated in any conspiracy directed at him.

II. The Amended Complaint Does Not Plausibly Allege That Any Statement By Naqvi Was "Of And Concerning" Sheriff Schmidt Personally.

The alleged statements described in the Amended Complaint concern Naqvi's claimed detention, immigration transport, and alleged holding at the Dodge County Jail. The Amended Complaint does not allege that Naqvi named Sheriff Schmidt, identified him personally, referred to him by title, or accused him of personally ordering, participating in, concealing, or approving any detention. Sheriff Schmidt hasn't sufficiently plead that Naqvi knew who he was before he filed this lawsuit.

That gap is fatal as pleaded. A defamation plaintiff suing in an individual capacity must allege facts showing that the challenged statement was understood to refer to him as required by *Westbrook* and *Schoenfeld*, *supra*. The Amended Complaint alleges statements Sheriff Schmidt attributes to Naqvi about O'Hare, ICE, immigration agents, a jail, and the Dodge County Sheriff's Office. It does not plead facts showing that any recipient understood Naqvi to be accusing Sheriff Schmidt personally, as distinct from making a complaint about government conduct, a detention facility, or unidentified officials.

The Amended Complaint itself underscores the ambiguity. It alleges Morrison accused "government officials, including Sheriff Schmidt," and made allegations of a "cover up" by the Dodge County Sheriff's Office. But it does not attribute those

formulations to Naqvi. As to Naqvi, the Amended Complaint alleges only claims about her own alleged detention. That is not enough to plead a defamation claim by Sheriff Schmidt.

## III. The Amended Complaint Pleads No Facts Supporting Actual Malice.

Sheriff Schmidt is an elected county sheriff. The alleged statements concern whether a U.S. citizen was detained by immigration authorities or at a county jail used as an ICE detention facility. That is speech about official conduct and a matter of public concern. The First Amendment therefore requires actual malice. Sheriff Schmidt is an elected sheriff and the alleged statements concern claimed immigration detention activity by government officials and the Dodge County Jail, the speech concerns official conduct and a matter of public concern, not about Schmidt personally. A public official may not recover for defamation relating to official conduct without plausibly alleging and ultimately proving actual malice—that is, that the defendant published the challenged statement with knowledge of falsity or reckless disregard for whether it was false. *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964).

Moreover, because Schmidt is a public figure he must plead and prove actual malice on the part of Naqvi, which he has failed to do. *Fredin v. Klasfeld*, 2026 U.S. App. LEXIS 18765, *citing Wagner v. Allen Media Broad.*, 210 Wis. 2d 666, 2 N.W.3d 758 (2024). "To prove defamation of a public figure, the plaintiff must demonstrate actual malice to prevail. This requirement is rooted in the First and Fourteenth Amendments of the U.S. Constitution." *Next Techs, Inc. v. Beyond the Office Door LLC*, 2020 U.S. Dist. LEXIS 102413 *23, *citing Torgerson v. Journal/Sentinel, Inc.*, 210 Wis. 2d 524, 536, 563 N.W.2d 472 (1997).

The Amended Complaint does not plead facts making actual malice plausible. Sheriff Schmidt pleaded facts about phone records, hotels, and alleged false statements about ICE and the government. But falsity is not actual malice. At most, the Amended Complaint pleads that Sheriff Schmidt disputes Naqvi's alleged account and has contrary evidence. That is not actual malice under *New York Times Co. v. Sullivan*.

## IV. The Amended Complaint Relies On "Information and Belief" For Key Causation And Publication Allegations Without Supporting Facts.

A complaint may use information-and-belief pleading where facts are peculiarly within the opposing party's knowledge, but it must still include factual content supporting a plausible inference. Here, the Amended Complaint repeatedly uses "upon information and belief" for key allegations tying Naqvi to the alleged publication chain.

Most importantly, it alleges "upon information and belief" that Morrison's WISN 12 News statement was made "at the direction of Naqvi." But it pleads no facts showing what direction was given, when, how, to whom, by what communication, or with what content. It does not allege that Naqvi drafted Morrison's statement, approved it, asked him to say it, knew what he would say, or ratified the specific words after publication. This is not a factual allegation; it is a conclusion.

The same defect affects the Amended Complaint's republication theory. The Amended Complaint alleges widespread news coverage and social-media dissemination, but it does not plead facts showing that Naqvi caused each republication, authorized it, intended it, or that any republication was the natural and probable consequence of a specific actionable statement by Naqvi. Schmidt cannot plead around the absence of a specific defamatory statement by invoking generalized media coverage.

V. The Amended Complaint Does Not Plausibly Plead Causation Or Damages Traceable To Naqvi.

The Amended Complaint's damages allegations are conclusory. It alleges that Defendants' statements caused reputational harm, lowered Sheriff Schmidt in the estimation of the Dodge County community, deterred third persons from associating with him, and harmed him as he seeks reelection. (Again underscoring his status as a public figure.) However, it does not plead facts showing any voter, constituent, official, colleague, donor, or member of the public who changed views because of Naqvi; any lost election-related opportunity, lost endorsement, lost donation, lost campaign event, or lost professional opportunity; any specific reputational harm distinct from generalized public controversy; any damages caused by Naqvi rather than by Plaintiff's own public response; or any basis for claiming more than $1,000,000 in actual and compensatory damages against Naqvi.

The Amended Complaint's prayer for damages "in excess of $1,000,000.00 against each Defendant" does not supply the missing facts. Under Rule 8, a plaintiff must plead factual content that makes entitlement to relief plausible. A bare damages demand cannot substitute for facts connecting Naqvi's alleged publication to a concrete reputational injury suffered by Sheriff Schmidt.

VI. Schmidt's Request For Injunctive Relief Should Be Dismissed Or Stricken.

The Amended Complaint seeks injunctive relief in addition to damages. That request is improper on the pleadings because the Amended Complaint does not identify the specific speech to be enjoined, does not allege facts showing any imminent future publication by Naqvi, and does not plead a basis for prior-restraint-style relief consistent with the First Amendment. At minimum, the request for injunctive relief should be

dismissed or stricken because it is unsupported by factual allegations and is not tethered to a plausible underlying claim against Naqvi.

## CONCLUSION

Plaintiff has failed to plead a plausible defamation claim against Defendant Naqvi. It fails to identify any actionable statement by Naqvi with specificity, fails to allege that any statement by Naqvi was of and concerning Sheriff Schmidt personally, fails to plead actual malice, and fails to connect any alleged statement by Naqvi to concrete damages.

WHEREFORE, Defendant Sundas Naqvi respectfully requests that the Court grant this motion and dismiss Counts I (First Cause of Action) and IV (Fourth Cause of Action) of Plaintiff's Amended Complaint pursuant to Rule 12(b)(6).

Dated: August 20, 2026.

Respectfully submitted,

/s/ Erin K. Russell
Erin K. Russell
WIED Bar No. 6287255
Attorney for Defendant Sundas Naqvi
THE RUSSELL FIRM LLC
10 S. Riverside Plaza, Suite 875
Chicago, Illinois 60606
T: 312-994-2424
erin@russellfirmip.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 20, 2026, she filed this document via the Court's CM/ECF system, thereby serving all parties of record.

/s/ Erin K. Russell